■ In the Matter of Hazel P.R., Respondent, v Paul J.P., Appellant. [824 NYS2d 628]—

Order, Family Court, New York County (George L. Jurow, J.), entered on or about September 21, 2004, which, after a fact-finding hearing, granted an order of protection for five years to petitioner, unanimously affirmed, without costs.

In view of the testimony of both parties at the fact-finding hearing, we find no basis to disturb the court's findings on credibility. Nor do we find a basis to disturb its conclusions that respondent's treatment of petitioner, his mother, who is particularly vulnerable because of her mental illness, and his extended pattern of menacing, harassment, attempted assault and disorderly conduct toward her, constitute aggravating circumstances (Family Ct Act § 827 [a] [vii]; § 842; *Matter of Kristine Z. v Anthony C.*, 21 AD3d 1319 [2005], *lv dismissed* 6

NY3d 772 [2006]; *Matter of Wright v Wright*, 4 AD3d 683 [2004]).

The order of protection is valid notwithstanding that a dispositional hearing was not conducted. Respondent never demanded a dispositional hearing, and provides no indication of what evidence he would have offered. There is no explicit statutory mandate that a dispositional hearing be conducted in proceedings under Family Court Act article 8. Since the only dispositional order in issue was an order of protection, and since the evidence at the fact-finding hearing amply supported the issuance of that order and the duration of its term, no purpose would have been served by conducting a dispositional hearing (*Matter of Annie C. v Marcellus W.*, 278 AD2d 177 [2000]). Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.