In the Matter of TONYA B., Respondent, v MATTHEW B., Appellant. [933 NYS2d 864]—

There exists no basis to disturb the court's determination that petitioner credibly testified that respondent attempted to assault her (*see Matter of Everett C. v Oneida P.*, 61 AD3d 489 [2009]). Her testimony and the photographs of the bruises on her arm support the finding of attempted assault by a fair preponderance of the evidence (Family Ct Act §§ 812, 832).

Respondent waived his right to a dispositional hearing, as he did not demand, or object to the court's failure to hold, such a hearing (*see Matter of Hazel P.R. v Paul J.P.*, 34 AD3d 307 [2006]). Rather, respondent proceeded to settle his visitation petition immediately after the court granted the stay away order and, over petitioner's objection, was granted the requested visitation rights. No apparent purpose would be achieved in convening a disposition hearing, given that respondent was

granted liberal visitation rights, and the order of protection requires that he stay away only from petitioner, and not his child (*see id.*). Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.