■ In the Matter of MELIND M., Appellant, v JOSEPH P., Respondent. [944 NYS2d 82]—

Order, Family Court, New York County (Diane Costanzo, Ref.),

entered on or about April 14, 2010, which, after a fact-finding hearing, dismissed the petition for an order of protection, unanimously reversed, without costs, and the matter remanded to the Family Court, New York County, for further proceedings not inconsistent with this Court's decision.

Petitioner filed two petitions against respondent, with whom she has an infant child (Jade). Petitioner has a second infant child (Kaylene) from a different father. The first petition was filed on or about January 21, 2009, and alleged two incidents that occurred on November 4, 2008 and March 31, 2007. Hearing testimony established that on November 4, 2008, respondent showed up at Kaylene's babysitter's home and attempted to initiate a physical altercation with a man who was with petitioner. He also tried to get his girlfriend to initiate a physical altercation with petitioner. Respondent testified that he could not remember what he said to petitioner, but that he challenged petitioner's friend to a fight. Respondent further testified that his conduct was the result of him being in a "rage that day" because the mother of his second child had just run away. Petitioner testified that respondent was in front of her face, causing her to feel "frightened" and "scared." Petitioner's friend testified that she was "frozen." Petitioner gave Kaylene to the babysitter and told her to go back into the apartment. Respondent fled when the babysitter called the police, but told petitioner that he would get her next time. Petitioner waited until the police arrived to leave the babysitter's house.

Hearing testimony also established that on March 31, 2007, while respondent was having visitation with Jade, he called petitioner to complain that the child was crying, and when petitioner told him to return the child to her, he repeatedly cursed at petitioner and threatened that he would never return the child. Respondent called petitioner a whore and said he would teach the child to hate her mother. When the conversation ended, petitioner immediately called the police. Later that day, respondent's girlfriend returned the child. When petitioner walked respondent's girlfriend outside, respondent, who admitted to drinking alcohol prior to coming to petitioner's apartment, cursed them both and told them that something was going to happen to them. Petitioner testified that due to these events, an order of protection was issued but no charges were filed.

The second petition, filed on June 15, 2009, alleged that on June 12, 2009, respondent and his brother used foul and abusive language to threaten and harass petitioner while they were in the waiting area of the Family Court.

Based on these allegations, petitioner alleges that respondent committed several family offenses, including menacing in the third degree. Petitioner therefore sought an order of protection against respondent on behalf of her and her children.

To support a finding that a respondent has committed a family offense, a petitioner must prove the allegations by a fair preponderance of the evidence (*Matter of Everett C. v Oneida P.*, 61 AD3d 489 [2009]; *Matter of Melissa Marie G. v John Christopher W.*, 57 AD3d 314 [2008]; Family Ct Act § 832). A hearing court's determination is entitled to great deference because the hearing court has the best vantage point for evaluating the credibility of the witnesses. Its determination should therefore not be set aside unless it lacks a sound and substantial evidentiary basis (*id.; Matter of Peter G. v Karleen K.*, 51 AD3d 541, 542 [2008]).

Here, although the Family Court credited petitioner's testimony concerning the acts committed by respondent and respondent admitted committing most of them, the court dismissed the petition. At the very least, respondent's words and actions on November 4, 2008 placed or attempted to place petitioner in fear of death, imminent serious physical injury or physical injury and thus established the family offense of menacing in the third degree (*see* Penal Law § 120.15 [a person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury]).

Specifically, petitioner testified credibly, as noted above, that respondent arrived at the babysitter's apartment unexpectedly and in a rage. He directed his girlfriend to beat up petitioner and got "in her face," which caused petitioner to become "frozen" with fear (*Matter of Ramon M.*, 109 AD2d 882, 883 [1985] [act of leaping towards the complainant without physical contact in a karate kick position was sufficient to establish physical menace]). Respondent's threats and unexpected presence in combination with the March 31, 2007 occurrences, where respondent told petitioner that something was going to happen to her, support a finding that he intentionally placed petitioner in imminent fear of physical injury (*Yvette H. v Michael G.*, 270 AD2d 123 [2000], *lv denied* 95 NY2d 762 [2000]). Indeed, petitioner's asking the babysitter to take the infant back inside the apartment and call the police supports her claim. Accordingly, given this evidence, the Family Court improperly dismissed the petition. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.