■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX RIVERA, Appellant. [954 NYS2d 511]

Concur—Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.

■ In the Matter of MARISELA N., Respondent, v LACY M.S., Appellant. [955 NYS2d 322]—

A fair preponderance of the evidence (*see* Family Ct Act § 832), including petitioner's testimony, supports the court's finding that respondent had committed acts that constitute the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]), warranting the issuance of an order of protection (*see* Family Ct Act § 841). There is no basis to disturb the court's credibility determinations (*see Matter of F.B. v W.B.*, 248 AD2d 119 [1st Dept 1998]).

The order of protection is valid despite the lack of a dispositional hearing. "There is no explicit statutory mandate that a dispositional hearing be conducted in proceedings under Family Court Act article 8" (*Matter of Hazel P.R. v Paul J.P.*, 34 AD3d 307, 308 [1st Dept 2006]). In addition, respondent never demanded, or objected to the lack of, such a hearing (*see Matter of Tonya B. v Matthew B.*, 90 AD3d 463, 463 [1st Dept 2011]). Moreover, since there is no other legal remedy available for the harassment proved against respondent and she "does not suggest any remedy other than issuance of an order of protection, a separate dispositional hearing would have served no purpose" (*Matter of Annie C. v Marcellus W.*, 278 AD2d 177, 177-178 [1st Dept 2000]). Concur—Saxe, J.P., Friedman, Acosta, Renwick, Freedman, JJ.