■ In the Matter of Opportune N., Respondent, v Clarence N., Appellant. [972 NYS2d 245]—

Order, Family Court, New York County (Carol J. Goldstein, Ref.), entered on or about September 2, 2010, which, after a fact-finding hearing in proceedings brought pursuant to article 8 of the Family Court Act, determined that respondent husband had committed the family offenses of attempted assault in the second degree; attempted assault in the third degree; menacing in the third degree; disorderly conduct; harassment in the second degree (two counts), and aggravated harassment in the second degree (two counts), unanimously affirmed, without costs.

It is undisputed that respondent submitted to the jurisdiction of the Family Court by appearing in the family offense proceeding commenced by petitioner wife, who was then residing in a shelter in New York State, and the Family Court therefore had personal jurisdiction over him. Family Court's subject matter jurisdiction over a family offense is not limited by geography (*see* Family Ct Act §§ 812, 818), and the court therefore could receive evidence and make fact-findings concerning incidents

that occurred in Pennsylvania before respondent's wife moved to New York with her daughters (*see Matter of Richardson v Richardson*, 80 AD3d 32, 37-38 [2d Dept 2010]).

The determination that respondent committed the family offenses as enumerated above is supported by a fair preponderance of the evidence (*see* Family Ct Act §§ 812 [1]; 832). The court's credibility determinations are supported by the record, and there is no basis to disturb them (*see Matter of Lisa S. v William V.*, 95 AD3d 666 [1st Dept 2012]).

Respondent's arguments concerning the order of protection issued on August 24, 2012 are not properly before this Court since he did not appeal from that order. In any event, an appeal from that order, except to the extent it gives rise to a permanent and significant stigma that might adversely affect respondent in future proceedings, would be moot since it has expired by its terms (*see Matter of Diallo v Diallo*, 68 AD3d 411 [1st Dept 2009], *lv dismissed* 14 NY3d 854 [2010]). Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ.