■ In the Matter of ZAKEIMA M.B., Respondent, v WESLEY B., Appellant. [977 NYS2d 17]—

Order, Family Court, New York County (Diane Costanzo, Ref.), entered on or about March 5, 2013, which found, after a hearing, that respondent had committed the family offense of disorderly conduct, directed him to stay away from petitioner Zakeima B.'s home and place of employment for a period of one year, except for incidental contact between the parties to effectuate the Family Court's order of visitation with the parties' minor child, unanimously affirmed, without costs.

The determination that respondent committed the family offense of disorderly conduct was supported by a fair preponderance of the credible evidence (*see* Family Ct Act § 832; Penal Law § 240.20). Respondent's intent to cause public inconvenience, annoyance or alarm, or recklessly create a risk thereof, could be readily inferred from the circumstances (*see People v Baker*, 20 NY3d 354, 360 [2013]). The credible evidence established that the intoxicated respondent went to petitioner's building uninvited on a Sunday night, and, when refused entry into petitioner's apartment, used profanity as he yelled at her through her door from inside of the public hallway for 15 minutes, and stepped on a bag of food that had been delivered to petitioner's apartment. Respondent's conduct was so disruptive that it prompted petitioner's neighbors to contact her to verify that she was safe, and drew respondent's friends to the scene to intervene after they heard the disturbance in the background when they called respondent on his cell phone. There is no basis for disturbing the credibility determinations made by the Referee (*see Matter of Marisela N. v Lacy M.S.*, 101 AD3d 425, 426 [1st Dept 2012]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ.