Matter of Rosa N. v Luis F. (2018 NY Slip Op 07682)





Matter of Rosa N. v Luis F.


2018 NY Slip Op 07682


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Renwick, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


7607

[*1]In re Rosa N., Petitioner-Respondent,
v
Luis F., Respondent-Appellant.


Bruce A. Young, New York, for appellant.
Marion C. Perry, Brooklyn, for respondent.



Order of protection, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about July 12, 2017, which ordered respondent, for a period of two years, to stay away from petitioner, to refrain from communicating with her, including by third-party contact or social media, and to refrain from committing any criminal offense against her, unanimously affirmed, without costs.
Respondent may not argue for the first time on appeal that petitioner failed to establish that he wilfully violated the temporary order of protection on the ground that he had had no notice of the order (Matter of Hyder B.J. v Widad Al-S., 256 AD2d 25 [1st Dept 1998], lv denied 94 NY2d 751 [1999]). In any event, his argument would apply only to communications made between December 28, 2016, when the temporary order of protection was issued, and January 22, 2017, the date on which he acknowledged receiving it. Petitioner testified that she continued to hear from respondent until February 21, 2017, and, at the hearing, respondent admitted to sending petitioner texts after receiving the order of protection, which he said he refused to read. Family Court properly rejected respondent's defense based on his refusal to read the order (see Matter of Lisa T. v King E.T., 147 AD3d 670, 670 [1st Dept 2017], affd 30 NY3d 548 [2017]; Leggio v Leggio, 190 Misc 2d 571, 580 [Fam Ct, Albany County 2002]).
The court's statement of the facts it deemed essential to its finding that respondent violated the temporary order of protection is sufficient for purposes of CPLR 4213(b). The court stated that it credited petitioner's testimony about communications through February 2017. Moreover, respondent admitted to violating the temporary order of protection after receiving it.
The court's finding that respondent committed a family offense also satisfies CPLR 4213(b). The court credited petitioner's testimony that on December 21 respondent held her by the throat, choked her, prevented her from breathing, and threatened her. These acts satisfy the elements of criminal obstruction of breathing or blood circulation (see Penal Law § 121.11), a family offense (see Family Court Act § 812). Moreover, at the hearing, respondent made only a vague, blanket denial as to petitioner's testimony. Thus, the finding that respondent committed a family offense is supported by a fair preponderance of the evidence (see Family Court Act §§ 832). Respondent offers no reason for us to revisit the court's credibility determinations.
Nor does it avail respondent to cite the burden of proof in a criminal proceeding (see Family Court § 832). A proceeding under Family Court article 8 provides "a civil, non-criminal alternative to a criminal prosecution when family members commit certain designated criminal offenses" (Matter of V.C. v H.C., 257 AD2d 27, 31 [1st Dept 1999] [internal quotation marks and citations omitted]; see 1 NY Law of Domestic Violence § 3:41).
We reject respondent's belated demand for a dispositional hearing. He neither demanded one before Family Court nor objected to the court's failure to hold one (see Matter of Tonya B. v Matthew B., 90 AD3d 463 [1st Dept 2011]). There is no explicit statutory requirement of a dispositional hearing in article 8 proceedings (see Matter of Marisela N. v Lacy M.S., 101 AD3d 425 [1st Dept 2012]). Moreover, no purpose would have been served by a separate dispositional [*2]hearing here, because the only remedy petitioner sought was an order of protection (see id.).
Respondent correctly argues that the expiration of an order of protection does not render an appeal therefrom moot, given the significant enduring consequences of such an order (see e.g. Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]). However, the issue has not arisen, because the order on appeal is still in effect. Moreover, contrary to respondent's apparent contention, the fact that the order may have lasting adverse consequences for him does not alone warrant reversal or modification.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK