Matter of Samah DD. v Mohammed EE. (2020 NY Slip Op 03958)





Matter of Samah DD. v Mohammed EE.


2020 NY Slip Op 03958


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

527844

[*1]In the Matter of Samah DD., Respondent,
v
Mohammed EE., Appellant. (And Another Related Proceeding.)

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Jacob Vredenburgh, Wynantskill, for appellant.
The Legal Project, Inc., Albany (Jennifer L. Storm of counsel), for respondent.
Sandra M. Colatosti, Albany, attorney for the children.



Egan Jr., J.
Appeal from an order of the Family Court of Albany County (Rivera, J.), entered October 5, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 2002, 2006 and 2007). In 2015, the parents and the children emigrated from Iraq to Arizona. On July 4, 2016, the mother travelled from Arizona to the City of Albany to visit family and, on July 18, 2016, filed a petition in Family Court seeking to obtain sole legal and physical custody of the children, alleging that the father physically and verbally abused both her and the children. In turn, the father commenced a divorce action in Arizona. Following an October 2016 hearing before the Arizona trial court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), the Arizona trial court determined that, although Arizona was the children's home state under the UCCJEA, said court was an inconvenient forum and, upon request of the Arizona trial court, Family Court agreed to assume jurisdiction of the pending custody matter.[FN1] The father appealed the Arizona trial court's decision.
In April 2017, the mother withdrew her prior custody petition and filed a new custody petition requesting sole legal and physical custody of the children with supervised visitation to the father. She also filed a family offense petition, alleging that the father had harassed and assaulted both her and the children. At the parties' initial appearance on the petitions, Family Court acknowledged the father's pending appeal in Arizona; however, it denied his request for a stay pending the outcome of that matter. Notwithstanding, in July 2017, while the mother's petitions remained pending, the Court of Appeals of Arizona dismissed the father's appeal from the Arizona trial court's decision, citing appealability grounds (Matter of Marriage of Al Essa and Sammarraie, 2017 WL 3205513, 2017 Ariz App LEXIS 1928 [July 28, 2017, No. 2 CA-CV 2016-0224-FC]).[FN2] In January 2018, following a fact-finding hearing, Family Court determined that the father had committed the family offenses of aggravated harassment in the second degree and aggravated assault in the third degree, granted the mother sole legal and physical of the children and provided the father with liberal telephonic contact with the children, while limiting his parenting time to supervised visitation only. The father appeals.
The father contends that Family Court improperly exercised jurisdiction over this custody proceeding inasmuch as an appeal remained pending in Arizona challenging the Arizona trial court's determination declining to exercise jurisdiction under the UCCJEA. The father's claim, however, has been rendered moot inasmuch as the Court of Appeals of Arizona subsequently dismissed the father's appeal challenging the Arizona trial court's jurisdictional determination on the ground that the order appealed from was not a final, appealable order (id.). Although the Court of Appeals of Arizona further determined that the father was not precluded from filing a new notice of appeal raising the same jurisdictional challenge should an appealable order subsequently be entered by the Arizona trial court, there is nothing in the record indicating that this ever occurred. Accordingly, as Arizona has relinquished jurisdiction in this matter, and this Court cannot now make a determination on this issue that would directly affect any interest or right of the parties, this issue is moot (see Matter of William O. v Wanda A., 151 AD3d 1189, 1190-1191 [2017], lv denied 30 NY3d 902 [2017]), and the exception to the mootness doctrine is not otherwise applicable (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715, [1980]).
Additionally, the mother's family offense petition adequately alleged that the father physically assaulted her and the children while they were living together in Arizona and that, following their arrival in New York, he continued to make harassing telephone calls and other communications. There is no question that such allegations involve members of the same household and, inasmuch as Family Court's subject matter jurisdiction over family offenses is not "limited by geography," it is not precluded from considering incidents and events that occur outside of its jurisdiction, including incidents that are not relatively contemporaneous with the date of the petition (Matter of Opportune N. v Clarence N., 110 AD3d 430, 430-431 [2013]; see Family Ct Act § 812 [1]; Matter of Rushane P. v Boris L.R., 161 AD3d 510, 510 [2018]; Matter of Richardson v Richardson, 80 AD3d 32, 42 [2010]). Accordingly, we reject the father's contention that Family Court lacked jurisdiction over the mother's family offense petition simply because the underlying allegations of abuse occurred in Arizona. The father's remaining arguments, to the extent not specifically addressed, have been reviewed and found to be without merit.
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The Arizona trial court retained jurisdiction with respect to the father's divorce action.

Footnote 2: Specifically, the Court of Appeals of Arizona determined that "the [Arizona] trial court's minute entry finding Arizona to be an inconvenient forum [was] not a final, appealable order" under applicable Arizona law (Matter of Marriage of Al Essa and Sammarraie, 2017 WL 3205513 at *1).