Matter of Phillip D.S. v Shamel B. (2021 NY Slip Op 06460)





Matter of Phillip D.S. v Shamel B.


2021 NY Slip Op 06460


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Docket No. O-00595/21 Appeal No. 14628 Case No. 2021-01554 

[*1]In the Matter of Phillip D.S., Guardian Ad Litem on Behalf of Khloe M., Petitioner-Appellant
v
Shamel B. Respondent-Respondent.


Rosemary Rivieccio, New York, for appellant.
John R. Eyerman, New York, for respondent.



Order, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about April 16, 2021, which, in a family offense proceeding brought pursuant to article 8 of the Family Court Act, granted respondent's motion to dismiss the petition with prejudice, unanimously reversed, on the law, without costs, the petition reinstated, and the matter remanded for further proceedings.
Pursuant to Family Ct Act § 812 (2)(b), "a family court proceeding is a civil proceeding and is for the purpose of attempting to stop the violence, end the family disruption and obtain protection." In order "[t]o support a finding that a respondent has committed a family offense, a petitioner must prove [her] allegations by a fair preponderance of the evidence" (Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]; see Family Ct Act § 832). In deciding a motion to dismiss a petition, "the allegations in the petition, as well as the petitioner's evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom" (Matter of Angel L. [Victor M.], 182 AD3d 429, 429 [1st Dept 2020] [internal quotation marks omitted]).
At the close of petitioner's case, the Referee dismissed the petition with prejudice, finding that, while petitioner guardian met his prima facie burden of showing that a family offense occurred through the child's testimony that the child had been beaten by "Shamel" on various occasions with a belt, there was no showing that respondent in this case was the same person named "Shamel" who had committed the alleged offenses. Contrary to the Referee's determination, the child's testimony included several specific details that were sufficient to enable a factfinder to determine that respondent was that person. Although the child did not remember "Shamel's" last name and was never asked to describe what she looked like, the child testified that she lived with the mother and Shamel in Virginia, and the child listed the names of Shamel's three children. Giving petitioner the benefit of every reasonable inference, the child's testimony provided ample factual basis for finding that respondent is the same person who committed the family offenses that the child described.[FN1]
On appeal, respondent does not challenge the Referee's determination that Family Court could exercise subject matter jurisdiction in this family offense proceeding notwithstanding that the offenses occurred out of state, and we find no basis to depart
from that finding (see Opportune N. v Clarence N., 110 AD3d 430, 430-431 [1st Dept 2013]; Matter of Jose M. v Angel V., 99 AD3d 243, 246 [2d Dept 2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021



Footnotes

Footnote 1: Each time respondent was sworn in by the Referee, she stated her full name, which matched the last name of the "Shamel" named in the petition.