Matter of Annette R. v Dakiem D. (2022 NY Slip Op 02212)





Matter of Annette R. v Dakiem D.


2022 NY Slip Op 02212


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Docket No. O6522/18 Appeal No. 15616 Case No. 2021-00607 

[*1]In the Matter of Annette R., Petitioner-Respondent,
v
Dakiem D., Respondent-Appellant,


Larry S. Bachner, New York, for appellant.
Cahill Gordon & Reindel LLP, New York (Emily B. Tate of counsel), for respondent.
Steven N. Feinman, White Plains, attorney for the child.



Order of fact-finding, Family Court, New York County (Stephanie Schwartz, Referee), entered on or about December 4, 2020, which determined that respondent committed the family offenses of disorderly conduct, assault in the third degree, attempted assault in the third degree (three counts), criminal mischief in the fourth degree (two counts), harassment in the second degree (nine counts), aggravated harassment in the second degree (six counts), reckless endangerment in the second degree, criminal obstruction of breathing (two counts), forcible touching, and sexual misconduct, unanimously affirmed, without costs.
At the outset, we find that the court providently exercised its discretion in granting petitioner leave to amend the family offense petition. The amendment is not plainly lacking in merit and there is no prejudice to respondent (see Matter of Shazzi T. v Ernest G., 135 AD3d 410 [1st Dept 2016]).
We perceive no basis for disturbing the court's credibility determinations (see Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]).
The finding that respondent committed the offense of harassment in the second degree is supported by a fair preponderance of the evidence (see Family Court Act § 832). Petitioner testified that respondent sent her numerous badgering, obscene, and hostile text messages, and presented ample supporting documentation of those text messages (see Matter of Lynn TT. v Joseph O., 129 AD3d 1129 [3d Dept 2015]). The finding is also supported by the evidence of acts of respondent, such as dumping juice throughout petitioner's apartment and subjecting her to physical contact, that were clearly intended to harass, annoy, or alarm petitioner (Penal Law § 240.26[1], [3]). The finding that respondent committed the family offense of aggravated harassment in the second degree is supported by the audio recordings of respondent's repeated telephone calls to petitioner, during which he left angry, obscene, and threatening messages (Penal Law § 240.30[2]).
The finding that respondent committed the acts of forcible touching and sexual misconduct is supported by a fair preponderance of the evidence. Petitioner testified, and the court found her testimony credible, that respondent forced her to have sex with him and that she went to a women's shelter because she no longer felt safe (Penal Law §§ 130.52[1] [forcible touching], 130.20[1] [sexual misconduct]). The record also supports the finding of criminal obstruction of breathing. Petitioner testified that on two separate occasions respondent placed his hands around her throat, making it difficult for her to breathe (Penal Law § 121.11[a]).
The finding that respondent committed the acts of criminal mischief in the fourth degree is supported by a fair preponderance of the evidence. Respondent admitted to smashing petitioner's cell phone, and his defense, that he bought the phone for her and believed that therefore could do with it as he liked, is simply not credible or reasonable[*2]. Moreover, the credible evidence supports petitioner's claim that he threw a different phone across the street after reading her text messages (Penal Law § 145.00[1]).
The finding that respondent committed the family offense of reckless endangerment in the second degree is supported by a fair preponderance of the evidence, which establishes that respondent's actions, in driving his car into petitioner while she was trying to secure the child in his stroller, created a substantial risk of serious physical injury to petitioner and the child (Penal Law § 120.20; see e.g. Matter of Kobel v Holiday, 78 AD3d 1660 [4th Dept 2010]).
The findings that respondent committed the acts of assault in the third degree and attempted assault in the third degree (Penal Law §§ 120.00[1]; 110.00) are supported by a fair preponderance of the evidence. Among other things, petitioner credibly testified that respondent punched her on the chin and choked her and that the choking caused her substantial pain and left her gasping for air. Respondent's intent to commit physical injury can be inferred from his actions and the surrounding circumstances (Matter of Brooke A.D. v Rajiv D., 199 AD3d 407 [1st Dept 2021]).
The finding that respondent committed the family offense of disorderly conduct is supported by the record (see Matter of William M. v Elba Q., 121 AD3d 489, 489 [1st Dept 2014]).
Respondent's argument concerning the order of protection issued on or about August 3, 2021, is not properly before this Court, since he did not appeal from that order (Matter of Opportune N. v Clarence N., 110 AD3d 430, 431 [1st Dept 2013]).
We have considered respondent's remaining arguments, to the extent preserved, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022