Matter of Any G. v Ayman H. (2022 NY Slip Op 05270)

Matter of Any G. v Ayman H.

2022 NY Slip Op 05270

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Docket No. O-18658/19, V-18657/19, V-18655/19, V-18656/19, V-01953/20, V-01954/20, V-01955/20 Appeal No. 16258-16258A Case No. 2021-02135, 2021-02136, 2021-03103, 2021-03104, 2021-03105 

[*1]In the Matter of Any G., Petitioner-Respondent,
v
Ayman H., Respondent-Appellant.
Ayman H., Petitioner-Appellant,
v
Any G., Respondent-Respondent.

Joel B. Mayer, New York, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child R.H.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children Mustafah H. and Nermin H.

Orders, Family Court, Bronx County (Ariel D. Chesler, J.), entered, after trial, on or about May 18, 2021 and August 6, 2021, which granted a five-year stay away order of protection in favor of petitioner mother Any G. and the subject children except to effectuate court ordered visitation; amended order of fact-finding and disposition, same court and Justice, entered on or about May 19, 2021, which found the mother's petition supported by a preponderance of the evidence and aggravating circumstances; and orders, same court and Justice, entered on or about August 6, 2021, which, inter alia, denied the father's petition, awarded the mother sole physical and legal custody, and granted the father supervised visitation, unanimously affirmed, without costs.
The father's arguments that Family Court improperly granted the mother leave to amend her originalfamily offense petition, are unpreserved. In any event, his arguments are unavailing. At the time the court granted the mother such leave during proceedings on November 17, 2020, father's counsel did not object and, to the contrary, agreed to wait to serve a bill of particulars until after he had seen the amended petition. While he contends leave was granted on the eve of trial, trial did not commence until February 2021. Moreover, the father fails to show how he was prejudiced by the amendment (see Annette R. v Dakiem D., 203 AD3d 673 [1st Dept 2022]). His conclusory claim that the court improperly admitted the amended petition into evidence is also unavailing and is belied by the record.
The court's credibility assessments are entitled to great deference on appeal (see Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]). The hearing/trial court has the best vantage point for evaluating the credibility of the witnesses. Its determinations should therefore not be set aside unless it lacks a sound and substantial evidentiary basis (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). We find no basis to disturb Family Court's determination that the mother testified honestly and consistently as to the father's controlling and abusive conduct towards her and the subject children.
The father's argument that there should have been a dispositional hearing is also without merit. This Court has held that "[t]here is no explicit statutory requirement of a dispositional hearing in article 8 proceedings," (Matter of Rosa N. v Luis F., 166 AD3d 451, 453 [1st Dept 2018]; see also Matter of Hazel P.R. v Paul J.P., 34 AD3d 307, 308 [1st Dept 2006]). The father does not indicate that he requested such a hearing during proceedings before Family Court and does not explain what purpose such a hearing would have served in this case.
Finally, respondent father's arguments concerning Domestic Relations Law § 76-c are not properly before this Court. The record on appeal does not include a notice of appeal from the September 19, 2019 Family Court order memorializing that decision (see Matter [*2]of Annette R. v Dakiem D., 203 AD3d at 674).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022