Matter of Annissa D. v Martha D. (2023 NY Slip Op 00264)

Matter of Annissa D. v Martha D.

2023 NY Slip Op 00264

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 03, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

 Docket No. O-06736/20 Appeal No. 17144-17144A Case No. 2022-02447 

[*1]In the Matter of Annissa D., Petitioner-Appellant,
v
Martha D., Respondent-Respondent.

Steven N. Feinman, White Plains, for appellant.
Rosemary Rivieccio, New York, for respondent.

Order of fact-finding and disposition (one paper), Family Court, New York County (Jonathan H. Shim, J.), entered on or about June 2, 2022, which, after a fact-finding hearing in a proceeding brought under article 8 of the Family Court Act, found that respondent committed acts constituting the family offenses of disorderly conduct and harassment in the second degree, entered a suspended judgment set to expire immediately, vacated the temporary order of protection, and marked the matter off the calendar, unanimously affirmed, without costs. Order, same court and Judge, entered on or about June 2, 2022, which, after the same fact-finding hearing, dismissed the petition, unanimously affirmed, without costs.
Family Court's disposition is authorized by Family Court Act § 841 (b), which provides for issuance of a suspended judgment for a period not exceeding six months, with no minimum period specified. Under the circumstances of the case, Family Court providently exercised its discretion in imposing such a limit on the suspension period. At the close of the fact-finding hearing, the matter had been pending for nearly two years with a temporary order of protection in place against respondent, and there had been no allegations that respondent failed to comply with the order or engaged in any behavior that would warrant an extension. Moreover, in making its determination, the court properly considered the relationship of the parties.
Furthermore, based on the same factors that supported the limit on the suspension period, Family Court providently determined that there was good cause to dismiss the petition. Contrary to petitioner's contention, Family Court did not terminate the proceedings prematurely, nor did it err in failing to hold a hearing on the issue of respondent's compliance with the order of protection. Petitioner did not request a dispositional or other hearing, and, in any event, she fails to explain what purpose such a hearing would have served (see Matter of Rosa N. v Luis F., 166 AD3d 451, 453 [1st Dept 2018]; Matter of Marisela N. v Lacy M.S., 101 AD3d 425, 425 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 3, 2023