Matter of Jean I. v Ivianie E. (2023 NY Slip Op 06595)

Matter of Jean I. v Ivianie E.

2023 NY Slip Op 06595

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. O-07819/20 Appeal No. 1279 Case No. 2022-03613 

[*1]In the Matter of Jean I., Petitioner-Appellant,
v
Ivianie E., Respondent-Respondent.

Daniel X. Robinson, New York, for appellant.
Bruce A. Young, Edgewater, for respondent.

Order, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about February 16, 2022, which, after a hearing, dismissed petitioner's family offense petition with prejudice for failure to establish a prima facie case and vacated the temporary order of protection, unanimously affirmed, without costs.
Petitioner husband has abandoned his claims that respondent wife committed the family offenses alleged in the petition of aggravated harassment in the second degree and unlawful dissemination or publication of intimate images. Instead, he argues that respondent committed the family offense of grand larceny in the fourth degree based on his allegations at the hearing that respondent retained his personal property when he left the apartment. Even if properly pleaded, Family Court correctly dismissed the petition because petitioner failed to establish prima facie that respondent's actions constituted the family offense of grand larceny in the fourth degree (see Matter of Anthony B. v Judy M., 167 AD3d 476, 476 [1st Dept 2018]; Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]). Petitioner's testimony failed to establish that respondent stole any property from him, much less property whose value exceeded $1,000 or that consisted of a credit or debit card (Penal Law § 155.30[1], [4]; see Matter of Keith M. v Tiffany S.S., 177 AD3d 508, 509 [1st Dept 2019]). The court did not abuse its discretion in limiting petitioner's testimony concerning specific items he took from the marital home when he left on a previous occasion, since he testified that he took "everything," and the value of those items would not be relevant to his claim that respondent later took or kept from him other items of property (see Hyde v County of Rensselaer, 51 NY2d 927, 929 [1980]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023