Matter of M.H. v C.S.T. (2024 NY Slip Op 02096)

Matter of M.H. v C.S.T.

2024 NY Slip Op 02096

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. O-07883/22 Appeal No. 2080 Case No. 2023-03914 

[*1]In the Matter of M.H., Petitioner-Appellant,
v
C.S.T., Respondent-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Bruce A. Young, New York, for respondent.

Order, Family Court, New York County (Jacob K. Maeroff, Ref.), entered on or about July 13, 2023, which, to the extent appealed from as limited by the briefs, after finding that respondent committed the family offense of reckless endangerment in the second degree, granted petitioner a limited final order of protection for a period of six months and directed respondent to refrain from committing certain acts against petitioner for the period up to and including December 31, 2023, unanimously modified, to the extent of replacing the order of protection with an order of protection that requires respondent to vacate petitioner's apartment and stay away from petitioner for a period of two years, and otherwise affirmed, without costs.
The finding that respondent committed the family offense of reckless endangerment in the second degree is supported by a fair preponderance of the evidence (see Penal Law § 120.20; Matter of Annette R. v Dakiem D., 203 AD3d 673, 674 [1st Dept 2022]). Petitioner testified that respondent intentionally turned on the gas stove without lighting the burner and told her that it would blow up in her face when she went to use the stove. However, notwithstanding its finding that respondent created a substantial risk of serious injury to petitioner, the court permitted respondent to return to the grandmother's apartment on the condition that he comply with the terms of the six-month order of protection directing respondent to refrain from committing family offenses against petitioner. Upon our review of the record, we conclude that the court erred in failing to direct respondent to stay away from petitioner grandmother. The record amply demonstrates that respondent has conducted himself in a bizarre, offensive, and frightening manner toward petitioner. Although respondent has not engaged in physical violence against petitioner, the court's decision to permit respondent to reside at the grandmother's apartment ignores petitioner's fragile age of 80 years old and her well-founded fear of respondent. Thus, it is clear that a directive to respondent to stay away from petitioner grandmother for a period of two years is reasonably necessary to provide meaningful protection to petitioner and to eradicate the root of the family disturbance (see Matter of Shirley D.-A. v Gregory D.-A., 168 AD3d 635, 635 [1st Dept 2019]).
Since respondent did not cross-appeal, his contentions regarding the merits of the Family Court's finding that he committed the family offense of reckless endangerment in the second degree are not properly before this Court (see Matter of Opportune N. v Clarence N., 110 AD3d 430, 431 [1st Dept 2013]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024