Matter of N.V. v A.J. (2024 NY Slip Op 03339)

Matter of N.V. v A.J.

2024 NY Slip Op 03339

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Docket No. O-03803/21 File No. 313217 Appeal No. 2524 Case No. 2023-04159 

[*1]In the Matter of N.V., Respondent,
v
A.J., Appellant.

Bruce A. Young, New York, for appellant.
Marion C. Perry, New York, for respondent.

Order, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about September 9, 2022, which, after a hearing, determined that respondent committed the family offenses of harassment in the second degree and attempted assault and issued a two-year order of protection in favor of petitioner, unanimously affirmed, without costs.
A fair preponderance of the evidence supports Family Court's finding that respondent committed the offenses of harassment in the second degree and attempted assault (see Family Ct Act § 832). Petitioner's testimony that respondent threw bleach water on her, causing the water to go into her eyes and onto her body, kicked her in the stomach, causing her to fall, and threw a bucket at her, supports the finding that respondent committed harassment in the second degree (Penal Law § 240.26[1]) and attempted assault (id. §§ 110.00, 120.00; see Matter of Brooke A.D. v Rajiv D., 199 AD3d 407, 408 [1st Dept 2021]). There exists no basis for disturbing the court's credibility findings (see Matter of Sheila N. v Rudy N., 184 AD3d 514, 515 [1st Dept 2020]). The testimony of the parties' older sister that she smelled bleach and saw the bucket, the water on the floor, and petitioner's discolored shoes and petitioner washing out her eyes corroborates petitioner's testimony. This "single incident is legally sufficient to support a finding of harassment in the second degree" (Matter of Tamara A. v Anthony Wayne S., 110 AD3d 560, 561 [1st Dept 2013]).
"The issuance of the order of protection was appropriate because it will likely be helpful in eradicating the root of the family disturbance and protect petitioner" (Matter of Rosa G. v Hipolito D., 215 AD3d 571, 571 [1st Dept 2023]). Petitioner's delay of 17 months in filing the petition after the incident does not provide a basis for vacating the order (see Matter of Rushane P. v Boris L.R., 161 AD3d 510, 510 [1st Dept 2018]; Family Ct Act § 812[1]). Petitioner's delay was not inconsistent with the need for protection, and she testified that she commenced this proceeding shortly after learning that respondent planned to move back to New York and reside in the apartment where she lived.
The order of protection is valid despite the lack of a dispositional hearing (see Matter of Marisela N. v Lacy M.S., 101 AD3d 425, 425 [1st Dept 2012]). "There is no explicit statutory mandate that a dispositional hearing be conducted in proceedings under Family Court Act article 8," and "respondent never demanded, or objected to the lack of, such a hearing" before the Family Court (id. [internal quotation marks omitted]). Respondent's assertion that the Family Court lacked jurisdiction over the petition or exceeded its discretion because petitioner used the article 8 process to obtain the exclusive right to the family apartment is unsupported by the record.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024