Matter of Y.M.R.P. v B.P. (2025 NY Slip Op 02133)

Matter of Y.M.R.P. v B.P.

2025 NY Slip Op 02133

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. O-28045/23|Appeal No. 4082|Case No. 2024-02520|

[*1]In the Matter of Y.M.R.P., Petitioner-Appellant,
v
B.P., Respondent-Respondent.

Douglas H. Reiniger, New York, for appellant.

Order, Family Court, Bronx County (Tamara Schwarzman, Ref.), entered on or about March 27, 2024, which, to the extent appealed from as limited by the briefs, upon judicial acceptance of respondent's admission that he committed the family offense of harassment in the second degree, granted petitioner a limited final order of protection for a period of two years, unanimously modified, on the law and facts, to the extent that the matter is remanded to Family Court for issuance forthwith of an order of protection that requires respondent to vacate the shared residence and stay away from petitioner for a period of two years, and otherwise affirmed, without costs.
Before the fact-finding hearing was completed, respondent ex-husband consented to a finding that he committed the family offense of harassment in the second degree and stated that he was willing to consent to a final stay-away order of protection. Family Court accepted his admission. Although the court did not conduct a full allocution of respondent, he did not object to the court's characterization of his admission and, because he did not appeal from the order, the issue of the sufficiency of respondent's admission is not properly before this Court (see Matter of M.H. v C.S.T., 226 AD3d 539, 539 [1st Dept 2024]; Matter of Opportune N. v Clarence N., 110 AD3d 430, 431 [1st Dept 2013]).
Upon acceptance of respondent's admission, the court was empowered to issue an order of protection (Family Court Act § 154—c[3]), which may set "reasonable conditions of behavior," including that the respondent "stay away from the home . . . of the other spouse" (Family Court Act § 842[a]; see also Victoria C. v Higinio C., 1 AD3d 173 [1st Dept 2003]; Matter of V.C. v H.C., 257 AD2d 27, 35 [1st Dept 1999]). However, notwithstanding its acceptance of respondent's admission to all the allegations in the petition, the court issued only a limited order of protection requiring respondent to refrain from committing a family offense against petitioner.
Based upon the allegations in the petition as well as petitioner's testimony at the dispositional hearing, the court improvidently exercised its discretion by failing to direct respondent to stay away from petitioner and vacate the apartment that both parties leased and where they resided during the marriage. After their divorce, petitioner continued to reside in the apartment with her adult daughter. The petition alleges that respondent returned to the apartment, forcefully bit petitioner on her forehead with extreme force causing her physical injury, and then, the next day, threatened her with a knife and then a metal bar, cursed at her, threatened to kill her, and grabbed her phone and threw it on the floor. Petitioner fled the apartment and slept in a friend's living room for months out of fear for her safety (see Matter of M.H. v C.S.T., 226 AD3d at 539; Matter of Shirley D.-A. v Gregory D.-A., 168 AD3d 635, 636 [1st Dept 2019]). Under these circumstances, a full [*2]stay-away order with an order of exclusion "will likely be helpful in eradicating the root of the family disturbance and fully protect petitioner" (Matter of Doris M. v Yarenis P., 161 AD3d 502, 503 [1st Dept 2018]; Quintana v Quintana, 237 AD2d 130 [1st Dept 1997]; see also Family Court Act § 842). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025