In the Matter of EVERETT C., Appellant, v ONEIDA P., Respondent. [878 NYS2d 301]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about March 18, 2008, which, after a fact-finding hearing in a proceeding brought pursuant to article 8 of the Family Court Act, dismissed the petition for an order of protection, unanimously affirmed, without costs.

To support a finding that a respondent has committed a family offense, a petitioner must prove his allegations by a fair preponderance of the evidence (Family Ct Act § 832; *Matter of Melissa Marie G. v John Christopher W.*, 57 AD3d 314 [2008]). A hearing court's determination is entitled to great deference because it has the best vantage point for evaluating the credibility of the witnesses, and its determination should not be set aside unless it lacks a sound and substantial evidentiary basis (*see Matter of Peter G. v Karleen K.*, 51 AD3d 541, 542 [2008]; *Matter of Brittni K.*, 297 AD2d 236, 237-238 [2002]).

Here, the Family Court properly dismissed the petition. Petitioner failed to establish by a preponderance of the evidence that respondent had committed acts warranting an order of protection in petitioner's favor, particularly in light of the court's finding that none of the testimony was especially credible (*see Peter G.*, 51 AD3d at 542; *Matter of Barnes v Barnes*, 54 AD3d 755 [2008]). Contrary to petitioner's contention, there is no indication that the court failed to apply the proper standard in making its determination. Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.