█ In the Matter of CARL T., SR., Respondent, v YAJAIRA A.C., Appellant. In the Matter of CARL T., SR., Appellant, v YAJAIRA A.C., Respondent. [945 NYS2d 20]—

Order, Family Court, Bronx County (Andrea Masley, J.), entered on or about March 24, 2011, which, insofar as appealed from, granted the respondent-respondent-mother a two-year final order of protection against the father; ordered that the father pay a $200 fine for causing the mother to miss two visits with the parties' child; ordered that the father attend classes to address anger management and domestic violence issues; and granted the father's petition for a modification of custody and

visitation and issued a final award of custody to the father, with the mother to have only supervised visitation with the parties' child, unanimously modified, on the law, to strike that portion of the order imposing a $200 fine on the father, and otherwise affirmed, without costs.

The father's contentions on the family offense regarding incidents that occurred post-petition are unpreserved for our review, and we decline to consider them in the interests of justice. If we were to consider them, they would not require vacatur of the protective order, as the incidents alleged in the mother's petitions formed a sufficient basis for entry of the protective order. We also find that issuance of the protective order was not an abuse of the Family Court's discretion (see *Matter of Royea v Hutchings*, 260 AD2d 678, 680 [1999]; *cf. Matter of Allen v Black*, 275 AD2d 207, 207-210 [2000]), and that the evidence at trial was sufficient to support a finding of aggravated harassment (see *People v Grant*, 77 AD3d 488 [2010], *lv denied* 16 NY3d 859 [2011]; *People v Wilson*, 59 AD3d 153 [2009], *affd* 14 NY3d 895 [2010]). Likewise, the evidence was sufficient to support the Family Court's direction that the father was obliged to undertake anger management domestic violence counseling.

However, the Family Court erred in imposing a fine upon the father for causing the mother to miss visitation, as there was no contempt adjudication (see e.g. *Matter of Michael D. [Tiffany D.]*, 30 Misc 3d 502, 511 [2010]). As a result, that the portion of the order imposing a $200 fine must be vacated.

As to the mother's appeal, we find that the Family Court properly granted the father's petition for modification of custody and visitation. This Court's authority in custody matters is as broad as that of the trial court (*Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Celenia M. v Faustino M.*, 77 AD3d 486 [2010], *lv denied* 16 NY3d 702 [2011]). A custody determination nonetheless rests with the sound discretion of the trial court and is accorded great deference on appeal, since the trial court had the opportunity to assess the witnesses' demeanor and credibility (see *Matter of Madeline S.*, 3 AD3d 13, 19 [2003]; *Victor L. v Darlene L.*, 251 AD2d 178 [1998], *lv denied* 92 NY2d 816 [1998]). Here, there was ample basis for the court's determination that the circumstances had changed sufficiently to modify the original custody order. For example, the mother made derogatory remarks to the child, and apparently failed to appreciate how these remarks affected him emotionally. Indeed, the record showed that the child was distressed by these remarks. The record also showed that

the mother had physically harmed the child. Furthermore, beginning in 2007, the mother had no steady employment, and therefore was less able than the father to provide a stable financial situation for the child. Likewise, presumably because of financial difficulties stemming from her intermittent employment, the mother no longer provided the child with an appropriate place to live, instead staying with him in a storage area that had no sink or shower. The evidence, therefore, showed not only that circumstances had changed since the mother had been awarded custody, but that the child's best interests were served by changing the custody arrangements (*see Matter of Westfall v Westfall*, 28 AD3d 1229 [2006], *lv denied* 7 NY3d 706 [2006]; *Matter of Williams v Williams*, 66 AD3d 1149, 1151-1152 [2009]).

Further, supervised visitation was warranted for the mother given her consistent pattern of destructive behavior toward the child, which continued even during supervised visits (*see Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 727 [2006], *lv denied* 7 NY3d 717 [2006]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.

Motion to strike portions of brief granted, except as to material entered into evidence at trial.