■ In the Matter of GABRIEL J. and Another, Infants. DAINEE A., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner, et al., Respondent. In the Matter of SHAWN J., Respondent, v DAINEE A., Appellant. [955 NYS2d 18]—

Order of disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about January 3, 2012, which, to the extent appealed from as limited by the briefs, granted the father's petition to modify a prior order of custody and the parents' 2008 agreement, and awarded the father sole legal and physical custody of the subject children, with supervised visitation to appellant mother, unanimously affirmed, without costs.

The court's determination that a "change of circumstances" had occurred warranting modification of the prior custody order, and that it would be in the children's best interests to award sole legal and physical custody to the father, has a sound and substantial basis in the record (*Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *see Matter of Carl T. v Yajaira A.C.*, 95 AD3d 640, 641-642 [1st Dept 2012]). Indeed, since the

entry of the prior custody order, there has been a finding of neglect against the mother based on her failure to protect the children from the excessive corporal punishment inflicted on them by her former boyfriend. Despite this finding, the mother continued to assert that the children had lied about the abuse. Although the mother had completed a parenting skills program and participated in therapy, the record shows that she failed to improve her relationship with the children and did not have empathy for them. By contrast, the records shows that the children were comfortable with the father, were happy living with him, and were making progress under his care.

The court properly determined that supervision of the mother's visits is in the children's best interests (*see Matter of Arelis Carmen S. v Daniel H.*, 78 AD3d 504 [1st Dept 2010], *lv denied* 16 NY3d 707 [2011]), particularly given the evidence of her consistent pattern of destructive behavior toward the children, which continued even during supervised visits (*see Matter of Carl T.*, 95 AD3d at 642). Concur—Andrias, J.P., Friedman, DeGrasse, Román and Gische, JJ.