■ In te Matter of SHANNEN NICOLE O., a Child Alleged to be Permanently Neglected. ABBOTT HOUSE, Appellant; CATHERINE O., Respondent. [955 NYS2d 46]—

The court's order was a provident exercise of discretion (*see Matter of Carl T. v Yajaira A.C.*, 95 AD3d 640, 641 [1st Dept 2012]). There was ample basis for the court's determination that the circumstances had changed since the court's prior visitation order suspending visitation, and that limited, supervised visitation between respondent and the child was in the child's best interests (*id.* at 641-642). Indeed, at the time of the prior order, the child was unaware that she was a foster child and that respondent was her biological mother. Visits were suspended because respondent and the child had difficulty bonding, and the child had become upset when respondent hinted that she was the child's biological mother. The child has only recently learned the truth regarding her identity, and, as the court noted, has benefitted from therapy and has become strong enough to deal with the issue. Although the court determined that respondent had permanently neglected the child, the court has not yet terminated respondent's parental rights. Further, there has never been any allegation that respondent abused the child, and the court gave the forensic psychologist considerable discretion in supervising the visits, including the power to end the visits if she deemed it appropriate. The court acted within its discretion in questioning the reliability and advisability of the recommendations by the agency's experts (*see id.* at 641), which by the time of the order were outdated by several years and did not take into account the child's improvements.

We have considered petitioner agency's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.