■ In the Matter of MARILYN C., Appellant, v OLSEN C., Respondent. [16 NYS3d 735]—

Order, Family Court, New York County (Monica Shulman, Ref.), entered on or about October 15, 2014, which, after a fact-finding hearing in a proceeding brought pursuant to article 8 of the Family Court Act, dismissed the petition for an order of protection, unanimously affirmed, without costs.

In a family offense proceeding, "a petitioner must prove the allegations by a fair preponderance of the evidence" (*Matter of Melind M. v Joseph P.*, 95 AD3d 553, 555 [1st Dept 2012]; Family Ct Act § 832). "A hearing court's determination is entitled to great deference because the hearing court has the best vantage point for evaluating the credibility of the witnesses. Its determination should therefore not be set aside unless it lacks a sound and substantial evidentiary basis" (*Matter of Melind M.* at 555; *Matter of Everett C. v Oneida P.*, 61 AD3d 489 [1st Dept 2009]).

Here, the Family Court properly dismissed the petition. Petitioner failed to establish by a preponderance of the evidence that respondent committed acts constituting harassment in the second degree or warranting issuance of an order of protection. The evidence demonstrated no more than disputes between an estranged couple concerning household expenses,

use of electricity, and similar matters. There is no basis to disturb the Family Court's credibility determinations. Concur— Tom, J.P., Acosta, Moskowitz and Richter, JJ.