Matter of Erin C. v Walid M. (2018 NY Slip Op 07063)





Matter of Erin C. v Walid M.


2018 NY Slip Op 07063


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7432 7431

[*1]In re Erin C., Petitioner-Respondent,
v
Walid M., Respondent-Appellant.
In re Walid M., Petitioner-Appellant,
v
Erin C., Respondent-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Burger & Green, LLP, New York (Nancy M. Green of counsel), for respondent.



Order, Family Court, New York County (Adetokundo Fasanya, J.), entered on or about May 4, 2017, which, upon a finding that respondent Walid M. (respondent) committed the family offenses of menacing in the third degree (PL § 120.15) and harassment in the second degree (PL § 240.26[3]), granted petitioner Erin C. (petitioner) a six-month order of protection against him, unanimously affirmed, without costs. Order, same court and Judge, entered on or about May 4, 2017, which dismissed respondent's family offense petition against petitioner, unanimously affirmed, without costs.
Petitioner proved by a fair preponderance of the evidence that respondent committed the aforementioned family offenses against her (see Family Ct Act § 832; Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). The Family Court credited petitioner's testimony, and its determination, including its credibility findings, is entitled to great deference (Matter of Everett C., 61 AD3d at 489).
Petitioner's testimony showed that she arrived home on the evening of February 25, 2016, to find respondent extremely agitated, and he began to "stalk" her around the apartment, screaming insults at her with such intensity that she was forced to lock herself in her bedroom, fearing physical injury [see e.g. Matter of Orenzo H., 33 AD3d 492 [1st Dept 2006]).
Moreover, respondent continued to send petitioner multiple text messages, which were combative and insulting, for no legitimate purpose, through the night and over a period of days, at a time when, by all accounts, he was distraught that the parties, were not reconciling (see e.g. Matter of Gracie C. v Nelson C., 118 AD3d 417 [1st Dept 2014]).
Respondent, for his part, among other things, failed to provide any specific details or dates on which any of the events alleged in his petition occurred. Thus, summary dismissal was appropriate (see Matter of Vasciannio v Nedrick, 305 AD2d 420 [2d Dept 2003], lv denied 100 NY2d 513 [2003]).
Nor was there need for a further hearing as the court already had the opportunity to hear and consider the evidence that would have been submitted at a separate hearing, relevant to respondent's allegations in his family offense petition. Respondent had an opportunity to testify and present evidence during the fact-finding hearing, and did not show that any additional evidence would have been proffered if the court had chosen to conduct a separate hearing (see [*2]Matter of Quintana v Quintana, 237 AD2d 130, 130 [1st Dept 1997]; Matter of Anita L. v Damon N., 54 AD3d 630, 631 [1st Dept 2008]). The court, having considered the relevant evidence and the type of evidence that would have been considered in a separate hearing, and finding
respondent's testimony to be lacking in credibility, was, therefore, in a position to make an informed determination on the allegations.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK