Matter of Efrain T. v Erika R. (2019 NY Slip Op 04656)





Matter of Efrain T. v Erika R.


2019 NY Slip Op 04656


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9593 9592 9591 9590

[*1]In re Efrain T. Jr., Petitioner-Respondent,
v
Erika R., Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Larry S. Bachner, New York, for respondent.



Order, Family Court, Bronx County (Tamara Schwarzman, Referee), entered on or about September 13, 2018, which, upon a finding that respondent mother committed the family offenses of harassment in the second degree and disorderly conduct, issued a one-year order of protection in favor of petitioner, and order, same court and Referee, entered on or about September 19, 2018, which, upon a finding that the mother willfully violated a prior temporary order of protection, extended the order of protection for another year until September 2020, unanimously affirmed, without costs.
The court's finding that the mother committed the family offenses of harassment in the second degree (Penal Law § 240.26[1]) and disorderly conduct (Penal Law § 240.20) was supported by a fair preponderance of the evidence (see generally Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). The hearing testimony showed, inter alia, that the mother yelled derogatory words at petitioner father in public, threatened to kill him, and struck him. There exists no basis to disturb the credibility findings of the Referee (see Matter of Peter G. v Karleen K., 51 AD3d 541, 542 [1st Dept 2009]).
The court also properly determined that the mother willfully failed to obey a temporary order of protection issued against her in April 2018 (Family Ct Act § 846-a). The record shows that during an incident in May 2018, the mother followed the father after he picked up their child for visitation, cursed at him in public, engaged in a physical altercation with the father's wife, and yelled at him for trying to walk away from the altercation.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK