Matter of Irena K. v Francesco S. (2019 NY Slip Op 05066)





Matter of Irena K. v Francesco S.


2019 NY Slip Op 05066


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9695 9694

[*1]In re Irena K., Petitioner-Respondent,
v
Francesco S., Respondent-Appellant.


Law Offices of Paul W. Matthews, New York (Paul W. Matthews of counsel), for appellant.
Beth E. Goldman, New York Legal Assistance Group, New York (Amanda M. Beltz of counsel), for respondent.



Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about August 28, 2018, which, upon a fact-finding determination that respondent father committed the family offenses of assault in the second degree, criminal obstruction of breathing or blood circulation (two counts), sexual misconduct (two counts), coercion in the second degree (two counts), and harassment in the second degree, and granted a five-year order of protection in favor of petitioner, unanimously modified, on the law, to vacate the findings of assault in the second degree, criminal obstruction of breathing or blood circulation (both counts), and sexual misconduct (one count), and otherwise affirmed, without costs.
The findings that respondent committed the family offenses of harassment in the second degree (Penal Law § 240.26[3]) and coercion in the second degree (two counts) (Penal Law § 135.60[9]) are supported by a fair preponderance of the hearing evidence (see generally Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]; Family Court Act § 832). The record shows, inter alia, that respondent threatened petitioner that he would take the steps necessary to cause her to lose her immigration status and rights to the child if she stopped prostituting herself to him, thereby evincing respondent's intent to harass and alarm petitioner (Penal Law § 240.26[3]) and his inducing petitioner to engage in a sexual relationship with him by instilling fear in her (Penal Law § 135.60[9]). The court's credibility determinations are supported by the record, and there is no basis for disturbing them (see Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]).
The record supports a finding of one count only of sexual misconduct (Penal Law § 130.20[1]). Although the family offense petition alleges that respondent raped petitioner twice, petitioner admitted at the hearing that, during the first incident, she was expecting payment in exchange for sex and never showed respondent, either physically or verbally, that she did not consent to sex.
However, the finding of assault in the second degree (Penal Law § 120.05[2]) is not supported by evidence that, when respondent bit petitioner's ear lobe during sex, his teeth constituted a dangerous instrument, i.e., that he intended to cause petitioner a serious physical injury (Penal Law § 10.00[10], [13]).
Nor does the evidence support the finding of criminal obstruction of breathing or blood circulation (two counts) (Penal Law § 121.11[b]). Petitioner testified that she had difficulty breathing when respondent covered her nose or mouth during sex. However, she admitted that, when she told him to stop or told him that she was in pain, he stopped immediately. Petitioner did not tell respondent that she was having trouble breathing on the two relevant occasions when he covered her mouth during sex. We acknowledge that she may have been afraid or uncomfortable. Nevertheless, her testimony fails to establish that respondent intended to impede her normal breathing or blood circulation (compare Matter of Kenrick C., 143 AD3d 600, 601 [*2][1st Dept 2016] [sustaining finding of criminal obstruction of breathing or blood circulation against appellant who "threw his sister to the floor and began squeezing' her neck until she could barely breathe"]).
The issuance of a five-year order of protection was appropriate in view of the presence of aggravating circumstances
constituting an immediate and ongoing danger to petitioner (Family Court Act § 827[a][vii]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK