Matter of Judith L.C. v Lawrence Y. (2020 NY Slip Op 00672)





Matter of Judith L.C. v Lawrence Y.


2020 NY Slip Op 00672


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


38672/16 10915A -38587/16 10915B 10915

[*1] In re Judith L.C., Petitioner-Respondent,
v
Lawrence Y., Respondent-Appellant.


The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for appellant.
Simpson Thacher & Bartlett LLP, New York (Adam M. Saltzman of counsel), for respondent.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about May 23, 2018, which found that respondent father committed the family offenses of menacing in the third degree (Penal Law § 120.15), two counts of harassment in the second degree (Penal Law § 240.26[1]), and one count of harassment in the second degree (Penal Law § 240.26[3]), and found aggravating circumstances based upon the father's behavior and occurrences that constitute an immediate and ongoing danger to petitioner mother, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 23, 2018, which granted a five-year order of protection in favor of the mother and the two subject children and against the father, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 23, 2018, which dismissed the father's family offense petition against the mother, unanimously affirmed, without costs.
A preponderance of the evidence presented at the hearing established that the father engaged in acts which would constitute the family offenses of menacing in the third degree (Penal Law § 120.15), two counts of harassment in the second degree (Penal Law § 240.26[1]), and harassment in the second degree (Penal Law § 240.26[3]). The Family Court credited the mother's testimony and found the father not to be credible, and these findings are entitled to great deference (see Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]).
The mother testified that, in August 2016, during an argument, the father grabbed her jaw and face so forcefully that the mother believed the father might kill her, and she was sore for hours afterward. On a separate occasion, in August 2016, the father was annoyed because the mother would not have sex with him and poked her hard with his finger all over her body all night long to prevent her from sleeping, and would shake her awake when she fell asleep. She testified that, in December 2015, during an argument, she was standing in the apartment's doorway when the father physically lifted her up under her chest and swung her into the apartment while she was holding the then 4-year-old child, almost causing physical injury to her. The older child witnessed this incident, and both children were present on multiple occasions when their father cursed at the mother. In October 2015, the father grabbed her arm, pulled her arm, "mooshed" her face, slammed her into the sofa, and pinned her down by the wrists.
The record supports the finding of aggravating circumstances, as the father engaged in a repeated pattern of causing the mother physical injury, sometimes in the presence of the children, thus exposing them to injury (see Matter of Pei-Fong K. v Myles M., 94 AD3d 675, 676 [1st Dept 2012]). The Family Court providently exercised its discretion in granting the 5-year order of protection in favor of the mother and the two children, as the father committed acts of domestic violence against the mother in close proximity to the children (see Matter of Coumba F. v Mamdou D., 102 AD3d 634, 635 [1st Dept 2013]).
Courts are not statutorily required to appoint children counsel in family offense proceedings, but may do so within their discretion (see Matter of Pamela N. v Neil N., 93 AD3d 1107, 1110 [3d Dept 2012]; Matter of Quinones v Quinones, 139 AD3d 1072, 1074 [2d Dept 2016]). The Family Court providently exercised its discretion in appointing an attorney for the children in the related proceedings, and, when the attorney for the children appeared at the family offense proceeding, he stated that he would not be participating. The father contends for the first time on appeal that the Family Court should have held a Lincoln hearing with the children. However, there is no evidence that he made this request to the Family Court. Moreover, in a hearing seeking an order of protection, it would have compromised the parties' due process rights if the court had considered statements made in a Lincoln hearing where the court interviews the children in camera without the parties and their counsel present (see Matter of Joyesha J. v Oscar S., 135 AD3d 557, 558 [1st Dept 2016]).
With respect to the father's ineffective assistance of counsel claim, the father already made this argument in a motion to the Family Court, but he did not appeal from the order denying his motion. As such, any challenge to that order is not properly before this Court (see Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1143 [3d Dept 2011]). However, even if this Court considered his ineffective assistance of counsel argument on this appeal, it would find that it is unavailing. To prevail on this claim, respondent must demonstrate that he was deprived of meaningful representation by reason of counsel's deficiency and that respondent suffered actual prejudice as a result (see Matter of Aaron Tyrell W. v Ruth B., 58 AD3d 419, 420 [1st Dept 2009]). Here, the father's counsel actively participated in proceedings by cross-examining the mother, directly examining the father, making arguments, and objecting appropriately (see Matter of Devin M.[Margaret W.], 119 AD3d 435, 437 [1st Dept 2014]). In addition, even though his initial counsel did not lay a proper foundation for the admission of photographic evidence, the father was not prejudiced because the court permitted his subsequent counsel to enter the photographs into evidence prior to the end of the hearing.
Family Court properly dismissed the father's family offense petition against the mother, as it credited the mother's testimony that she did not cause the father's alleged bruises (see Everett C., 61 AD3d at 489).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK