Matter of Giovanni De M. v Nick W. (2021 NY Slip Op 06947)





Matter of Giovanni De M. v Nick W.


2021 NY Slip Op 06947


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Scarpulla, Mendez, Shulman, JJ. 


Docket No. O-33422/14 Appeal No. 14836 Case No. 2018-04374 

[*1]In the Matter of Giovanni De M., Petitioner-Respondent,
v
Nick W., Also Known as Nicholas W., Respondent-Appellant.


Nicholas W., appellant pro se.



Order of fact-finding and disposition, Family Court, New York County (Marva A. Burnett Esq., Referee), entered on or about March 2, 2018, which, after a hearing, determined that respondent committed the family offenses of aggravated harassment in the second degree, harassment in the second degree, and menacing in the second degree, unanimously modified, on the law, to vacate the finding of aggravated harassment in the second degree, and otherwise affirmed, without costs.
The determination that respondent committed the family offenses of harassment in the second degree (Penal Law § 240.26[3]) and menacing in the second degree (Penal Law § 120.14[2]) is supported by a fair preponderance of the evidence at the fact-finding hearing (see Family Court Act § 832; see also Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). Petitioner testified that, on numerous occasions over the course of several years, respondent, upset that petitioner had married his mother, threatened him with bodily harm, confronted him, poking his finger and cursing at him, and slapped his face, causing him to feel nervous and shaken up. This evidence shows that respondent placed petitioner in reasonable fear of physical injury (see Matter of Carmen L. v Rafael R., 163 AD3d 436, 437 [1st Dept 2018] [menacing]) and that his actions alarmed or seriously annoyed petitioner and served no legitimate purpose (see Matter of Anthony B. v Judy M., 167 AD3d 476 [1st Dept 2018] [harassment]). The court properly inferred from his actions and the surrounding circumstances that respondent intended to cause these effects (see Matter of Ramona A.A. v Juan M.N., 126 AD3d 611 [1st Dept 2015]). The court's credibility determinations are entitled to great deference (see Matter of Everett C., 61 AD3d at 489).
However, the determination that respondent committed the family offense of aggravated harassment in the second degree based on Penal Law § 240.30(1)(a) as it existed before amendment in July 2014 must be vacated because the statute was held to be unconstitutionally vague (see People v Golb, 23 NY3d 455, 466-467 [2014], cert denied 574 US 1079 [2015]; Matter of Lystra Fatimah N. v Rafael M., 122 AD3d 499 [1st Dept 2014]).
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021