Matter of Tamiqueca L.C. v David B. (2023 NY Slip Op 01952)

Matter of Tamiqueca L.C. v David B.

2023 NY Slip Op 01952

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

 Docket No. O-09172/20 Appeal No. 58 Case No. 2022-02353 

[*1]In the Matter of Tamiqueca L.C., Respondent,
v
David B., Respondent-Appellant.

Andrew J. Baer, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel and Evelyn Gong, pro bono, of counsel), attorneys for the child.

Order, Family Court, Bronx County (Robert T. Johnson, J.), entered on or about May 6, 2022, which, upon a fact-finding determination that respondent committed the family offenses of harassment in the second degree and menacing, granted a six-month order of protection in favor of petitioner, unanimously affirmed, without costs.
Given the enduring consequences that may potentially flow from an adjudication that respondent committed a family offense, this Court will address the merits of the appeal, even though the order of protection expired in November 2022 (see Matter of Yenis C. v Daniel R., 176 AD3d 407, 407-408 [1st Dept 2019]).
There is no basis to disturb the Family Court's credibility determinations (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). Upon our review of the record, we find that a preponderance of the evidence adduced at the fact-finding hearing established that respondent's actions during the May 30, 2020 incident constituted the family offense of harassment in the second degree (see Penal Law § 240.26 [3]; Matter of Tatyana M. v Mark R., 205 AD3d 420, 421 [1st Dept 2022]). The record shows that respondent located petitioner's address through an online search and went to her building uninvited. He was able to gain access to the building, although he had no key and she did not buzz him in, went to the floor of petitioner's apartment, where she was inside with the child, and repeatedly kicked and banged on the door of her apartment. Moreover, he threatened to kill petitioner. He remained in the vicinity of her building for approximately 15 hours and continuously rung her intercom. Petitioner testified to feeling scared for her life and having to move to a domestic violence shelter because of the incident.
Respondent's challenge to the court's finding that he committed the family offense of menacing is not properly before us as it was raised for the first time in his reply brief.
We decline to reach the attorney for the child's argument that the Family Court erred in declining to find that the father committed the family offense of disorderly conduct, since neither petitioner nor the child filed a notice of appeal from the fact-finding order, and thus the argument is not properly before this Court (see Matter of Jamee Bennett G. v John Nicholaas B., 200 AD3d 413, 413 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023