Matter of Geraldine R. v Haile P. (2023 NY Slip Op 02289)

Matter of Geraldine R. v Haile P.

2023 NY Slip Op 02289

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Docket No. 2022-03882 Appeal No. 144 Case No. 2022-03882 

[*1]In the Matter of Geraldine R., Petitioner-Appellant,
v
Haile P., Respondent-Respondent. 

Steven N. Feinman, White Plains, for appellant.
Law Offices of Yesenia Rivera-Sipes, New York (Yesenia Rivera-Sipes of counsel), for respondent.

Order, Family Court, New York County (Gigi N. Parris, J.), entered on or about September 2, 2022, which, after a fact-finding hearing, to the extent appealed from as limited by the briefs, dismissed with prejudice the petition seeking an order of protection against respondent father for failure to establish that he committed the family offenses of disorderly conduct and harassment in the second degree, unanimously affirmed, without costs.
Petitioner mother failed to establish that the father engaged in the family offense of disorderly conduct. The mother's disorderly conduct claim arises from an incident in which she asserts that the father followed her, yelled at her, and physically assaulted her in her apartment while the parties' child was in another room. However, "the intent to cause, or recklessness in causing, public harm, is the mens rea of the offense of disorderly conduct" (Matter of Linda H. v Ahmed S., 188 AD3d 597, 599 [1st Dept 2020], quoting Matter of Cassie v Cassie, 109 AD3d 337 [2d Dept 2013]; see also Penal Law § 240.00), and the mother offered no evidence that any public disturbance was intended or caused.
The mother also failed to establish her claim, arising from the same incident, that the father committed the family offense of harassment in the second degree. Although both parties testified to an altercation, Family Court found that the credible evidence established that it was the mother who initiated physical contact, resulting in her injuries, and the father's conduct was an isolated incident, rooted in self-defense, rather than a course of conduct intended to harass, annoy, or alarm the mother (see Penal Law § 240.26; Matter of Chigusa Hosono D. v Jason George D., 137 AD3d 631 [1st Dept 2016]). The court's credibility determinations are entitled to great deference and the mother offers no reason that the court should have credited her testimony over the father's (see Matter of Marilyn C. v Olsen C., 132 AD3d 406, 406 [1st Dept 2015]).
Although we reject the mother's appellate arguments, we also reject the father's contention that those arguments are so completely without merit as to warrant sanctions (see 22 NYCRR § 130—1.1[c][1]; Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 70 [1st Dept 2006]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023