Matter of Whitney v Lord (2025 NY Slip Op 00585)

Matter of Whitney v Lord

2025 NY Slip Op 00585

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

909 CAF 23-01991

[*1]IN THE MATTER OF MELISSA M. WHITNEY, PETITIONER-APPELLANT,
v
KEVIN A. LORD, RESPONDENT-RESPONDENT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR PETITIONER-APPELLANT.
MAUREEN A. PINEAU, ROCHESTER, FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Family Court, Monroe County (Kristin F. Splain, R.), entered October 27, 2023, in a proceeding pursuant to Family Court Act article 8. The order, among other things, dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, petitioner appeals from an order that, inter alia, dismissed her family offense petition. We affirm.
We reject petitioner's contention that Family Court erred in dismissing the petition and in failing to issue an order of protection against respondent. "A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense" (Matter of Harvey v Harvey, 214 AD3d 1462, 1462 [4th Dept 2023] [internal quotation marks omitted]; see Matter of Washington v Davis, 207 AD3d 1078, 1079 [4th Dept 2022], lv denied 39 NY3d 902 [2022]; Matter of Marquardt v Marquardt, 97 AD3d 1112, 1113 [4th Dept 2012]). "The determination of whether a family offense was committed is a factual issue to be resolved by the [court], and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Harvey, 214 AD3d at 1462 [internal quotation marks omitted]; see Washington, 207 AD3d at 1079). As relevant here, to establish that respondent committed acts constituting harassment in the second degree, petitioner was required to establish that respondent, with the intent to harass, annoy or alarm petitioner, subjected her to "physical contact, or attempt[ed] or threaten[ed] to do the same" (Penal Law § 240.26 [1]). Here, the evidence presented by petitioner at the hearing consisted of petitioner's testimony that respondent "kinda" pushed her when respondent appeared "confused." According due deference to the court's credibility determinations (see Washington, 207 AD3d at 1079), we conclude that petitioner failed to establish by a preponderance of the evidence that respondent engaged in acts constituting harassment in the second degree (see Matter of Voorhees v Talerico, 128 AD3d 1466, 1467 [4th Dept 2015], lv denied 25 NY3d 915 [2015]; see also Matter of Marilyn C. v Olsen C., 132 AD3d 406, 406 [1st Dept 2015]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court