Matter of O. P. v F. G. (2025 NY Slip Op 03020)

Matter of O. P. v F. G.

2025 NY Slip Op 03020

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. O-00544/23|Appeal No. 4386|Case No. 2024-02855|

[*1]In the Matter of O. P., on behalf of U. G., Petitioner-Respondent,
v
F. G., Respondent-Appellant.

Green Kaminer Min & Rockmore LLP, New York (Nancy M. Green of counsel), for appellant.
Rosemary Rivieccio, New York, for respondent.

Order, Family Court, New York County (Genna D. Teitelbaum, Ref.), entered on or about March 28, 2024, which, after a fact-finding hearing, found that respondent father committed the family offense of sexual abuse in the second degree against the subject child and granted a two-year order of protection in favor of petitioner mother and the subject child, subject to court orders of custody and visitation, unanimously affirmed, without costs.
A preponderance of the evidence presented at the hearing established that the father engaged in acts constituting the family offense of sexual abuse in the second degree (see Penal Law § 130.60[2]). We find no basis to disturb Family Court's determination that the mother's testimony was credible and that the father's denial of sexualized touching was incredible and self-serving, as the court's credibility determinations are entitled to great deference and are supported by the record evidence, including photographs (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]; Matter of Marilyn C. v Olsen C., 132 AD3d 406, 406 [1st Dept 2015]). Furthermore, the father's intent to gain sexual gratification from touching and fondling the child's intimate parts, including the child's buttocks and genitals, was properly inferred from not only the acts themselves, but also the surrounding circumstances (see Matter of A.G., 253 AD2d 318, 326 [1st Dept 1999]), including, as Family Court noted, the father's increasingly sexualized acts and comments to the child.
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025