Matter of K.F. v F.T. (2025 NY Slip Op 06391)

Matter of K.F. v F.T.

2025 NY Slip Op 06391

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Docket No. O-09156-7/19|Appeal No. 5127-5127A|Case No. 2024-07939|

[*1]In the Matter of K. F., etc., Petitioner-Respondent,
v
F.T., Respondent-Appellant. 

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Jessica I. Bourbon, J.), entered on or about December 9, 2024, which found that respondent father committed the family offense of harassment in the second degree, unanimously affirmed, without costs. Order of protection, same court and Judge, entered on or about December 20, 2024, which directed the father to stay away from and not communicate with petitioner until December 19, 2026, unanimously affirmed, without costs.
Petitioner established by a fair preponderance of the evidence that the father committed acts constituting the family offense of harassment in the second degree (Penal Law § 240.26[1]). The testimony presented was sufficient to support the finding that the father intended to harass, annoy, or alarm both his children (see Matter of D.C. v J.J.G., 236 AD3d 539, 539 [1st Dept 2025]). The older child testified that between 2012 and 2015,[FN1] the father hit him at least twice and struck the younger child every other day with an open hand. Before hitting them, the father would make the children undress, including removing their underwear. On at least one occasion, he left a red bruise on the older child's buttocks that lasted for a week. The older child further testified that he observed the younger child crying because he was in so much pain that he could not sit without immediately standing up again from the pain. On at least one occasion he observed a red handprint on the younger child where the father had struck him, which remained visible for approximately one week. Additionally, petitioner established by a fair preponderance of the evidence that the father's actions constituted the family offense as set forth in Penal Law § 240.26(3), because his actions of repeatedly calling the children's mother evil and "the devil," telling the younger child that he was a mistake and unwanted, and striking him to the point where he could not sit afterwards served no legitimate purpose and established a course of conduct that was taken with the intent of seriously annoying and alarming petitioner.[FN2]
This fact-finding, which took approximately four years to complete, hinges primarily on the parties' credibility, and family court's determination that the testimonies of both the older child, and the mother to be credible, and the father's testimony not to be credible is entitled to great deference (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]; Matter of Marilyn C. v Olsen C., 132 AD3d 406, 406 [1st Dept 2015]).
The court was not required to draw a negative inference against the younger child for failing to testify and properly exercised its discretion in not compelling him to do so (see Matter of Amoya S. [Henry C. — Syvonne C.], 100 AD3d 641, 642 [2d Dept 2012]). Notably, the father never sought to compel the younger child to testify. In any event, the argument is unpreserved for appellate review (see Matter of Charlene R. v Malachi R., 151 AD3d 482, 483 [1st Dept 2017]).
Contrary to the father's argument, that dismissal is warranted given that the events underlying the family offense petition took place several years before the commencement of the proceeding, this is not a basis for dismissal (Family Court Act § 812[1]; see Matter of Damineh M. v Bedouin L.J., 225 AD3d 522, 523 [1st Dept 2024], lv denied 42 NY3d 903 [2024]).
Family Court providently exercised its discretion in denying the father's adjournment request,
[FN3] which was made on the morning of the hearing date (see Matter of Steven B., 6 NY3d 888, 889 [2006]; see also In Yaritza M.C. v Hilario V., 238 AD3d 443, 443 [1st Dept 2025]). The father was present in court on April 3, 2024, when the next hearing date was set for April 8, 2024, confirmed and acknowledged the court's instruction to be present on that date, and failed to mention not being able to appear on that day even after the court addressed him directly.
The court also providently exercised its discretion in issuing a two-year order of protection, as petitioners established that the father committed the family offense of harassment in the second degree, continued to oppose the mother's custody petition, and persistently sought visitation with both children (Family Court Act § 842; see also Matter of Anecia S.H. v Grevelle D.B., 173 AD3d 441, 442 [1st Dept 2019]).
As to the father's contention that the Family Court erred by not holding a dispositional hearing, there is no explicit statutory requirement for such a hearing in article 8 proceedings (see Matter of Rosa N. v Luis F., 166 AD3d 451, 453 [1st Dept 2018]). Moreover, the father did not request a dispositional hearing and fails to articulate what purpose such a hearing would have served, particularly given that the only relief sought by petitioner was an order of protection (see Matter of Annissa D. v Martha D., 212 AD3d 520, 521 [1st Dept 2023]).
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025

Footnotes

Footnote 1: During this period, the children were exclusively in the father's care because the father kidnapped the children during a family visit to Portugal. In July 2017, the father pleaded guilty in federal court to kidnapping the children, and in December 2017, the court sentenced him to a prison term of 21 months.

Footnote 2: Of note, in his sworn testimony the father asserted that he never spanked the children even for disciplinary purposes, but upon appeal asks that we find that the spankings were for disciplinary purposes.

Footnote 3: This was the father's sixth adjournment request.