Matter of Cory E.L. v Alexandria O. (2026 NY Slip Op 00016)

Matter of Cory E.L. v Alexandria O.

2026 NY Slip Op 00016

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Friedman, Mendez, Shulman, Hagler, JJ. 

Dkt No. V-00178/22|Appeal No. 5485|Case No. 2025-01159|

[*1]In the Matter of Cory E.L., Respondent,
vAlexandria O., Appellant. 

Deborah D. Clegg, Croton Falls, for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.

Order, Family Court, New York County (Jessica M. Forman, Ref.), entered on or about December 18, 2024, which, to the extent appealed from as limited by the briefs, granted, after a fact-finding hearing, petitioner father's petition for sole physical and legal custody of the subject child, unanimously affirmed, without costs.
The court properly determined that joint custody was not appropriate due to the parents' demonstrated difficulties with communicating effectively (see Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]; Matter of Paul D. v Margarita O., 227 AD3d 439, 440 [1st Dept 2024]). Here, the father testified about repeated failures of communication and characterized his relationship with the mother as "[n]ot good" and acknowledged that the relationship "has been rocky and disagreeable." According to the father, the mother had repeatedly refused to let him see the child in 2020 and regularly failed to answer the telephone and respond to important messages regarding the child. The mother acknowledged that she sometimes screened the father's calls and chose not to communicate with him. The child also expressed that the parents' inability to get along and listen to each other made the child "sad and upset." The court's decision to credit the father's testimony in regard to the mother's allegations of domestic violence by the father and not to credit the mother's testimony is entitled to great deference (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]).
Furthermore, Family Court's determination that the child's best interests would be served by awarding sole physical and legal custody to the father was based on a thorough assessment of the witnesses' demeanor and credibility and is supported by a sound and substantial basis (see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1992]; Matter of Carl T. v Yajaira A.C., 95 AD3d 640, 641-642 [1st Dept 2012]). The record shows that it was reasonable to infer that the father is a supportive parent who would provide the child with adequate housing, financial support, and a stable home life, and that he was the primary parent involved with the child's schooling, extracurriculars, and medical appointments (see Matter of Stephanie C. v Ricardo E., 231 AD3d 663, 664 [1st Dept 2024]). Although the mother had resided in the same apartment for years, she did not have regular employment, and the child was often absent or late to school while in the mother's custody, "to the detriment of [his] academic performance" (Matter of Phillip M. v Precious B., 173 AD3d 434, 435 [1st Dept 2019], lv denied 33 NY3d 911 2019]).
The record also supports Family Court's determination that the father is more likely to foster the relationship between the mother and the child. The father, unlike the mother, testified that he would ensure the child remained in regular contact with the mother, and he wished to encourage her involvement in the child's education and activities (see Matter of Lulu J.S. v Rahmel H.H., 239 AD3d 492, 493-94 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026