Matter of M.M. v R.G. (2026 NY Slip Op 00197)

Matter of M.M. v R.G.

2026 NY Slip Op 00197

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. O-00500/23, V-00877/23 |Appeal No. 5595|Case No. 2024-03499|

[*1]In the Matter of M.M., Petitioner-Respondent,
vR.G., Respondent-Appellant. 

Bruce A. Young, New York, for appellant.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Genna D. Teitelbaum, Ref.), entered on or about April 26, 2024, which, after a fact-finding determination that respondent father committed the family offense of harassment in the second degree against his child, granted a nine-month order of protection in favor of the subject child, unanimously affirmed, without costs.
Although the order of protection has expired by its own terms, given that the order finding that the father committed family offenses still may impose significant enduring consequences upon him, this appeal is not rendered moot (see Matter of D.C. v J.J.G., 236 AD3d 539, 539 [1st Dept 2025]).
Petitioner established by a preponderance of the evidence that respondent, her husband, committed the act of harassment in the second degree by making threats of physical violence against their then six-year-old child while having the requisite intent to harass, annoy, or alarm him (Family Court Act § 832; see Matter of I.E. v J.I., 233 AD3d 608, 609 [1st Dept 2024]). When the child began to cry in response to the father's threats, the father repeated the same threat several more times. The mere fact that the father may have had a legitimate purpose in calling the mother — namely, to exercise his parenting time with the child — does not shield him from liability for threats against the child that followed (see People v Tiffany, 186 Misc2d 917, 921-922 [Crim Ct, NY County 2001]).
Family Court's determination that the mother was a credible witness is entitled to great deference, and there is no basis to disturb its findings (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]). The trial provided the court with ample opportunity to assess the parties' credibility and demeanor, and both parties had an opportunity to testify and subject each other to cross-examination.
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026