Matter of Rodney W. v Uchechi C. (2026 NY Slip Op 01150)

Matter of Rodney W. v Uchechi C.

2026 NY Slip Op 01150

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Docket No. V-00062/21 V-00064/21|Appeal No. 5962|Case No. 2025-01652|

[*1]In the Matter of Rodney W., Petitioner-Appellant,
vUchechi C. Respondent-Respondent.

Geoffrey P. Berman, Larchmont, for appellant.
Larry S. Bachner, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child

Order, Supreme Court, Bronx County (Beth Beller, J.), entered on or about March 18, 2025, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing denied petitioner father's petition for sole physical and legal custody of the subject child and granted sole physical and legal custody of the subject child to respondent mother, unanimously affirmed, without costs.
Family Court properly determined that joint custody was not appropriate due to the parties' lack of trust and demonstrated difficulties with communicating effectively (see Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]). Both parties unequivocally testified that they did not trust each other, and the record reflects repeated failures of communication and ongoing conflicts (see Matter of Paul D. v Margarita O., 227 AD3d 439, 440 [1st Dept 2024]).
Family Court's determination that the child's best interests would be served by awarding sole physical and legal custody to the mother with parenting time to the father was based on a thorough assessment of the witnesses' demeanor and credibility and is supported by a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]; Matter of Carl T. v Yajaira A.C., 95 AD3d 640, 641 [1st Dept 2012]). The court's decision to credit the mother's testimony and not to fully credit the father's testimony is entitled to great deference (see Matter of Judith L.C., 179 AD3d at 616). As the court observed, the father's testimony was inconsistent and contradictory in that he claimed to be the sole breadwinner during a period when he was unemployed, he claimed not to know where the child attended school yet later testified that he spoke to school staff and obtained the child's records, and he provided conflicting testimony regarding the child's need for assistance and services. Thus, the court properly discredited aspects of the father's testimony and reasonably resolved any conflicting testimony in favor of the mother (see Matter of Alexei S. v Michael M., 132 AD3d 466, 467 [1st Dept 2015]).
Moreover, the mother has been the child's primary caretaker since birth and provided her with a safe and stable home life (see Matter of Darryl M. v Shaniqua D., 242 AD3d 512, 513 [1st Dept 2025]). The father has lacked stable housing and employment, while the mother has maintained the same apartment and flexible job for years. The mother has always been the primary parent involved with the child's education and health (see Matter of Stephanie C. v Ricardo E., 231 AD3d 663, 664 [1st Dept 2024]). The mother arranged for the child to be evaluated and receive early intervention services, enrolled the child in school, ensured the child completed her homework, and worked with the school on the child's Individualized Education Plan and services (see Matter of Jamel W. v Stacey J., 136 AD3d 552, 553 [1st Dept 2016]). The mother scheduled all the child's medical appointments, handled her health insurance, and brought her to a specialized dentist (see Matter of Daniel B. v Deshauna S., 226 AD3d 552, 553 [1st Dept 2024]).
The record also supports the court's determination that the mother is more likely to place the child's needs first and to foster the relationship between the father and the child, "even though both parents at times withheld information from each other" (Shainiska D. v Gage D., 242 AD3d 411, 412 [1st Dept 2025], lv denied 44 NY3d 909 [2026]). In contrast, the father put himself first and failed to consider the child's feelings when he refused to cooperate with supervised visitation and had no contact with her for over a year, and he completely disregarded her best interests when he made false reports about the mother to law enforcement, causing the child to be subjected to interviews and bodily examinations (see Matter of James Joseph M. v Rosana R., 32 AD3d 725, 726 [1st Dept 2006], lv denied 7 NY3d 717 [2006]). Although the mother was reluctant to communicate with the father due to his history of retaliatory behavior, she nevertheless expressed a willingness to cooperate and a desire for the child to have a positive relationship with the father, and she never disparaged the father to the child (see Matter of Scott W. v Krizzia G., 194 AD3d 406, 407 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026